In the Matter of MATTHEW E. NEWMAN (Admitted as MATTHEW ELLIOT NEWMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 10, 1989

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Donald J. Klein* for respondent.

## OPINION OF THE COURT

Per Curiam.

Petitioner, the Departmental Disciplinary Committee, seeks an order determining that respondent has been convicted of a serious crime, directing that he be suspended from practice, and directing that he be ordered to show cause why a final order of censure, suspension or removal from office should not occur.

Respondent cross-moves for an order directing a hearing be held to present mitigating evidence with regard to the petition before he is suspended.

Respondent was admitted to practice in the Second Department on February 2, 1972, but has maintained an office in the First Department.

On May 11, 1988, a complaint was filed against him in New York County, charging him with one misdemeanor count of forgery in the third degree (Penal Law § 170.05), and one count of employing a "fraud, deception, concealment, suppression, false pretense or fictitious or pretended purchase of sale", to induce the purchase of condominium apartments at 10 Luke's Place, in violation of New York General Business Law § 352-c (1) (a), a misdemeanor. On that same date, respondent pleaded guilty to the misdemeanor complaint in satisfaction of the entire indictment and was, that same day, sentenced to a conditional discharge. He also consented to a permanent injunction enjoining him from working directly or indirectly in the sale of real estate securities or investments.

Petitioner argues that respondent's offense was a "serious crime" as defined in Judiciary Law § 90 (4) (d), because a necessary element of the offense involved misrepresentation, fraud or deceit.

The underlying crime involved respondent's forgery of a New York State Department of Law cooperative conversion acceptance letter, which was intended to induce the sale of apartments at 10 St. Luke's Place. Respondent had prepared an offering plan on behalf of a client and submitted it to the Department of Law. The Assistant Attorney-General sent respondent a letter on March 30, 1987, listing deficiencies. On October 1, 1987, another letter was sent to respondent informing him that if all the deficiencies were not cured within a week, the proposed offering plan would be deemed abandoned.

Respondent took the letterhead, caption and signature of the October 1 letter and typed in his own language indicating that the plan had been accepted for filing. He then presented the forged letter to his client as an acceptance letter. On November 2, the Department of Law informed respondent that the plan had been deemed withdrawn. In December the fraud was uncovered when the sponsor presented the Attorney-General with copies of an "accepted" offering plan (black book) on the basis of the letter. The Attorney-General had never accepted the offering plan for filing.

Respondent was previously suspended for two years in 1978 for creating and submitting a false document to his client.

In mitigation, respondent recites a distressing account of severe mental trauma apparently caused by a recently discovered tumor on his right adrenal gland. Respondent states that for many years he has suffered from deep depression and suicidal thoughts. Since 1977 he has been under psychiatric care and has been on and off antidepressant drugs. In February 1988, doctors discovered the tumor, which apparently had been causing the secretion of excessive levels of the hormone cortisol, as well as other hormones, and diagnosed respondent's condition as Cushing's syndrome. Letters from his psychiatrist and internist both directly attribute his erratic and often irrational behavior to the tumor. After an adrenalectomy, his psychotherapist states, respondent's depression improved and his suicidal rumination abated.

Respondent himself argues that his failure to prepare the minor modifications necessary to finalize the offering plan, and his subsequent attempt to defraud his client in a manner which could easily be discovered bespeak an irrational mind. He notes that because he can no longer practice in the real estate securities field he has already lost 95% of his practice, and that a nonlegal job opportunity which had presented itself with a management company disappeared because a copy of the Law Journal story regarding his conviction had been delivered to the prospective employer.

Respondent notes that at the time of his offending conduct he was having leg and knee problems, and his psychological problems had peaked to the point where he was undergoing severe mood swings, depression and suicidal thoughts. When the Attorney-General requested corrections he ignored several requests and ultimately forged the letter.

As sympathetic as respondent's argument in mitigation is,

he has been convicted of a serious crime in that his forgery involved fraud and deceit. The statute (Judiciary Law § 90 [4] [f]) requires suspension from practice upon receipt by the court of a record of the conviction. The suspension may be set aside "when it appears consistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice". (Judiciary Law § 90 [4] [f].) In light of respondent's previous two-year suspension for essentially the same conduct, he will likely face a similar, if not more severe, sanction this time. His medical problems may have caused much of his inner turmoil and acted as a catalyst for his unethical behavior, but respondent must still assume some responsibility for his actions, particularly since he was otherwise practicing as a lawyer throughout the relevant period, presumably being compensated for his efforts. Nothing in the record indicates that he was incapable of practicing law altogether.

Accordingly, we direct that petitioner's motion be granted, respondent be suspended and ordered to show cause why a final order of suspension, censure or removal not be made; the proceeding be referred to the Departmental Disciplinary Committee for a hearing and report, and respondent's cross motion for a stay be denied.

SULLIVAN, J. P., CARRO, MILONAS, KASSAL and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective immediately and until the further order of this court.